Mr. Justice WA’iQ.VE
delivered the opinion of the court.
Upon the trial of this cause in the Circuit Court, two points were made, upon which the judges differed in opinion ; ahd it has been certified to this court, as is provided for in the sixth section of the act of 1802, entitled £i An act to amend the judicial system of the United-States.” 2.Statutes at large, 159. From the evidence, we think, that all the persons in this transaction became privies in the same contract to secure the payment of a debt due by the defendant tó Thornton. The payment of it, therefore, by any one of them, other than the debtor, was a payment at his request, and an express assumpsit to reimburse the amount.
But suppose such a privity not existing between the parties, the evidence shows it also to be a case of the surety of a surety paying the debt of a principal, under a legal obligation, from which the *103 principal was bound to relieve him. Such a payment is a sufficient consideration to raise' an implied assumpsit, to repay the amount, though the payment was made without a request from the principal. Tappin v. Broster, 1 C. & P. 112; Exall v. Partridge, 8 Term ft. 310; Child v. Morley, ibid. 610.
We shall decide the first point certified to be answered in the affirmative, which makes it unnecessary to notice the second.

Order.

This cause came on to be heard on. the transcript of the record from the Circuit Court of the United States, for the District of Maryland, and on'the points and questions on which the judges of the said Circuit Court were opposed in'Opinion, and which were certified to this' court for its opinion agreeably to the acts of Congress in such case made and provided, and was argued by counsel. In consideration whereof, it is the opinion of this court that the plaintiff in this case is entitled, to recover of the defendant the money paid by the. plaintiff to Thornton, as being money paid for his (Smith’s) use; Whereupon it is now here ordered and adjudged by this court that it be so certified to the said Circuit Court.